UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AXCENTRIA PHARMACEUTICALS, LLC | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Cause of Action No.  1:22-cv-990 |
| LABALLEY, LLC d/b/a LAB ALLEY, LLC | § § § | |
| *Defendant.* | § | |

**DEFENDANT LAB ALLEY, LLC'S,
ANSWER TO PLAINTIFF'S COMPLAINT**

**TO THE HONORABLE JUDGE ROBERT PITTMAN**

**COMES NOW,** Defendant Laballey, LLC, d/b/a Lab Alley, LLC ("Defendant"), and files its Answer to Plaintiff Axcentria Pharmaceuticals, LLC's ("Plaintiff"), Complaint, and would show unto the Court the following:

**DENIALS**

1. Defendant denies paragraph one of Plaintiff's Complaint.

2. Defendant admits paragraph two of Plaintiff's Complaint.

3. Defendant admits paragraph three of Plaintiff's Complaint.

4. Defendant denies paragraph four of Plaintiff's Complaint.

5. Defendant admits paragraph five of Plaintiff's Complaint.

6. Defendant denies paragraph six of Plaintiff's Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph seven.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph eight.

9. Defendant admits paragraph nine of Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph ten.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 11.

12. Defendant denies paragraph 12 of Plaintiff's Complaint.

13. Defendant denies paragraph 13 of Plaintiff's Complaint.

14. As reflected in Plaintiff's Exhibit A to its Complaint, Defendant admits that it entered into enforceable contracts with Plaintiff for the purchase of said items. Defendant admits that it offered said items for sale. Defendant admits that Plaintiff accepted Defendant's offers for sale of the items through Defendant's online procedure. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff received the items but admits to receiving consideration in the amount shown in Exhibit A to Plaintiff's Complaint. Defendant admits confirming and forming a contract pursuant to the sale of the items.

15. Defendant denies paragraph 15 of Plaintiff's Complaint.

16. Defendant admits paragraph 16 of Plaintiff's Complaint.

17. Defendant denies paragraph 17 of Plaintiff's Complaint.

18. Defendant denies paragraph 18 of Plaintiff's Complaint.

19. Defendant denies paragraph 19 of Plaintiff's Complaint.

20. Defendant denies paragraph 20 of Plaintiff's Complaint.

21. Defendant denies paragraph 21 of Plaintiff's Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth

of paragraph 22.

23. Defendant admits paragraph 23 of Plaintiff's Complaint.

24. Defendant denies paragraph 24 of Plaintiff's Complaint.

25. Defendant denies paragraph 25 of Plaintiff's Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 26.

27. Defendant denies paragraph 27 of Plaintiff's Complaint.

28. Defendant denies paragraph 28 of Plaintiff's Complaint.

29. Defendant denies paragraph 29 of Plaintiff's Complaint.

30. Defendant denies that Plaintiff is entitled to its prayer for relief, and a jury trial.

## AFFIRMATIVE DEFENSES

31. Plaintiff's purported claims fail because Plaintiff agreed to the valid terms and conditions provided and assented to at the time of purchase, which limit Plaintiff's causes of action against Defendant and limit Defendant's liability to Plaintiff.

32. Plaintiff's purported claims fail due to Plaintiff's failure to meet the applicable warranty period for recourse.

33. Plaintiff's purported claims fail due to Plaintiff's negligence in storing and handling of the products.

34. Plaintiff's purported claims fail due to Plaintiff's own fault and/or misuse of the alleged products at issue.

35. Plaintiff's purported claims fail due to Plaintiff's own negligence in contaminating, or otherwise tampering with, the alleged products at issue.

36. Plaintiff's purported claims fail to the extent Plaintiff failed to comply with any and

all of its legal obligations, whether contractual, statutory, or otherwise, before compiling and making their product available.

37.     Plaintiff's purported claim under the Texas Deceptive Trade and Practices Act ("DTPA") fails due to Plaintiff's failure to meet its conditions preceding the filing of their alleged DTPA claim.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that Plaintiff (1) take nothing by this lawsuit; and (2) that Defendant be granted any other relief to which it is appropriately entitled.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

*/s/ C. Robert Dorsett, Jr.*
_____
C. Robert Dorsett, Jr.
Attorney-In-Charge
Federal Bar No. 626099
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Servando Rivas
State Bar No. 24128485
3503 Wild Cherry, Building 6
Austin, TX 78738
Telephone: (512) 600-4365
Facsimile: (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Swift, LLP, attorneys for Defendant Laballey, LLC, d/b/a Lab Alley, LLC, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 16th day of December 2022.

Tonya M. Gray
State Bar No. 24012726
HUNTON ANDREWS KURTH
1445 Ross Avenue
Suite 3700
Dallas, TX 75202
Telephone: 214.979.3000
Fax: 214.880.0011
tonyagray@huntonak.com

And

John D. Denkenberger
(To be admitted *pro hac vice*)
Washington Bar No. 25,907
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1201 Third Avenue
Suite 3600
Seattle, WA 98101
Telephone: 206.682.8100
Fax: 206.224.0779
john.denkenberger@cojk.com,
litdoc@cojk.com

**Attorneys for Plaintiff AXCENTRIA PHARMACEUTICALS LLC**

_____
C. Robert Dorsett, Jr.